**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

BRIAN TEED et al.,
on behalf of himself and others
similarly situated,

    Plaintiffs,

  v.              Case No. 10-MISC-23
                    (W.D. Wis. No.
                    08-CV-303-bbc &
                    W.D. Wis. No. 09-CV-313-bbc)

JT PACKARD & ASSOCIATES, INC.,
and S.R. BRAY CORP.,

    Defendants.

## DECISION AND ORDER

    Pursuant to Federal Rule of Civil Procedure 37, the Plaintiff, Brian Teed ("Teed"), on behalf of himself and others similarly situated, brings this motion to compel the deposition of third-party Dan Sears ("Sears"), a former employee of Defendant JT Packard and Associates, Inc. ("JT'). Teed also seeks an award of the reasonable expenses incurred in bringing the motion. *See* Fed. R. Civ. P. 37(a)(5).

    JT and Defendant S.R. Bray Corp. ("Bray") are defendants in two actions alleging denial of overtime compensation in violation of the Fair Labor Standards Act, that are are pending in the Western District of Wisconsin, *Teed v. JT Packard and Associates*, *Inc.,* Case No. 08-CV-303-bbc ("303 action"), and *Clay, on behalf of himself and all others similarly situated v. JT Packard and Associates*, Case No. 09-CV-313-bbc. JT's assets were sold to Thomas & Betts, at a January 2010 auction.

Sears is currently employed by Thomas & Betts Power Solutions, LLC, ("Power Solutions") a wholly owned subsidiary of Thomas & Betts, Corp. On April 8, 2010, Teed issued a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure for the April 19, 2010, deposition of Sears to be taken pursuant to Rule 30 of the Federal Rules of Civil Procedure. Sears did not appear for the deposition. On April 21, 2010, Power Solutions filed a motion to quash the third-party subpoena in the 303 action. However, on May 7, 2010, PowerSolutions withdrew that motion to quash. Counsel for Teed has filed an affidavit in support of his motion to compel documenting his good faith effort to resolve the discovery dispute with counsel for Power Solutions.

Power Solutions opposes the motion to compel on behalf of itself and Sears. Power Solutions contends that, since it is not a party to an action brought by Teed, the discovery that Teed seeks is governed by Rule 27(a) of the Federal Rules of Civil Procedure. In addition, Power Solutions asserts that Thomas & Betts has a personal interest or privilege in the subpoena because Teed is taking the deposition in an effort to find a basis for recovery against Thomas & Betts based on successorship liability and, therefore, it has standing to challenge the subpoena.

**Pertinent Federal Rules**

Rule 45 allows for the issuance of subpoenas commanding attendance at a deposition. The scope of discovery obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules. *See* Fed. R. Civ. P. 45 Advisory Committee Note to the 1991 Amendment. *See also, Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253-54 (S.D. Ind.

2002). Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *N.W. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004) (quoting Fed. R. Civ. P. 26(b)(1)).

Despite the general breadth of discovery, the Court may limit discovery where the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefits. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii). The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. *Wauchop v. Domino's Pizza, Inc.*, 139 F.R.D. 539, 543 (N.D. Ind. 1991).

Rule 45(c)(3) provides that upon "timely motion," the court that issued the subpoena must quash or modify the subpoena, for various reasons, including that the subpoena requires disclosure of privileged or otherwise protected material and no exception or waiver applies, or it subjects a person to undue burden. Rule 27(a) provides that a person desiring to perpetuate testimony by deposition before commencing a civil suit may file a verified petition in the United States district court in the district of the residence of the expected adverse party seeking an order allowing such perpetuation.

3

**Motion to Compel**

*Deposition*

Power Solutions asserts that the subpoena for Sears's deposition must be considered under Rule 27, which as relevant to the motion, sets forth the criteria for depositions to perpetuate testimony before an action is filed. However, there are pending two actions in the Western District of Wisconsin relating to the discovery sought by Teeds. And, Teeds seeks to discover relevant evidence pertaining to the claims in those actions.

In asserting that Rule 27 applies, PowerSolutions cites a number of decisions. However, those decisions are distinguishable because each arose where an action had not yet been commenced. *See In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. 349, 351 (D. Minn. 2007) (stating "to date, [the matter] does not involve an actual lawsuit"); *In re Landry-Bell*, 232 F.R.D. 266 (W.D. La. 2005) (stating the "petitioner seeks leave under Fed. R. Civ. P. 27 to conduct pre-lawsuit discovery"); *Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 478 (4th Cir. 1999) (stating the "[p]etitioner expects to be a party to an action cognizable in the Courts of the United States, either to compel arbitration, seek security or to enforce an award"); *In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006) (stating the "[p]etitioner has not yet filed suit"); *In re Chester County Elec., Inc.*, 208 F.R.D. 546 (E.D. Pa. 2002) (stating that the petitioner moved the court "to take depositions and obtain documents before filing an action"). Rule 27(a) is applicable only where an action has not yet been filed and, therefore, it does not apply to the Sears deposition subpoena.

With respect to the motion to compel, PowerSolutions must establish that it has standing to challenge the Sears deposition subpoena. A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena. *Minn. Sch. Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627, 629 (N.D. Ill. 1999); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995). The subpoena was issued to and served upon Sears. Therefore, he is the person entitled to challenge the subpoena under Fed. R. Civ. P. 45(c)(3)(A), unless PowerSolutions makes a showing that it has a personal right to be protected or that the discovery sought is subject to a privilege.

Although PowerSolutions asserts both a privilege and a personal right, it does not further articulate the nature of any privilege. PowerSolutions's conclusory assertion of a privilege is insufficient to establish that the information is privileged. *See Holifield v. United States*, 909 F.2d 201, 203-04 (7th Cir. 1990). Furthermore, PowerSolutions has not cited any authority in support of its contention that it has a personal right or interest in Sears's deposition because the deposition may lead to information supporting a successor liability claim against it. Therefore, Power Solutions has not established standing to challenge the Sears deposition subpoena. Moreover, even if PowerSolutions had standing to challenge the subpoena, its conclusory assertion that it will be prejudiced by the deposition would not provide a basis for refusing to enforce the subpoena for Sears's deposition. Therefore, Teeds's motion to compel

5

is granted. Sears must appear for his deposition at the place and time set forth in the deposition subpoena on or before August 3, 2010.

### *Reasonable Expenses*

Teeds's request that the Court award reasonable expenses incurred in conjunction with his motion to compel is governed by Rule 37(a)(5)(A) the Federal Rules of Civil Procedure. Generally, the Rule requires that the Court award to the prevailing party reasonable expenses incurred in filing a motion to compel discovery, unless the opposing party's position was "substantially justified" or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A). The parallel language in the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and in Rule 37 indicates that the term "substantially justified" should be interpreted consistently in both provisions. *See United States v. Kemper Money Market Fund, Inc.*, 781 F.2d 1268, 1279 (7th Cir. 1986) (citing *Photo Data, Inc. v. Sawyer*, 533 F.Supp. 348, 352 n.7 (D.D.C. 1982)). A position taken by a party is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006)).

Teed is the prevailing party. PowerSolutions's contentions in opposing the Sears deposition subpoena lack a reasonable legal basis – they are not justified to a degree that could satisfy a reasonable person that they have a reasonable basis under the controlling federal case law. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). PowerSolutions's

opposition to the Sears deposition is not substantially justified and, it has not presented any other circumstances that make an award of expenses unjust. Accordingly, the Court awards to Teeds the costs and disbursements, and reasonable actual attorney's fees incurred in bringing the motion to compel.

Teed must submit his itemized claim for such sums no later than August 2, 2010, together with supporting documentation. The request for attorney's fees must be presented in a format that includes the hourly rates of the attorneys who worked on the motion and provides a sufficient factual basis for the Court to determine the reasonableness of the hourly rates of those attorneys, and the reasonableness of the time that they devoted to the response. Additionally, Teeds must provide legal authority for the award of any claimed cost or disbursements. PowerSolutions may respond to Teeds's submissions no later than August 12, 2010. Teeds may file any reply thereto no later than August 20, 2010.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Teeds's motion to compel is **GRANTED** and Sears must appear for his deposition at the place and time set forth in the deposition subpoena on or before **August 3, 2010**; and,

Teeds' request for reasonable expenses incurred in bringing the motion to compel is **GRANTED**. Teeds must submit his claim for such sums no later than **August 2, 2010**. PowerSolutions may respond to that claim no later than **August 12, 2010.** Teeds may file any reply thereto no later than **August 20, 2010.**

Dated at Milwaukee, Wisconsin this 20th day of July, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**