**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

BRIAN TEED et al.,
on behalf of himself and others
similarly situated,

               Plaintiffs,

  v.                                              Case No. 10-MISC-23
                                              (W.D. Wis. No.
                                              08-CV-303-bbc &
                                              W.D. Wis. No. 09-CV-313-bbc)

JT PACKARD & ASSOCIATES, INC.,
and S.R. BRAY CORP.,

               Defendants,

  v.

DAN SEARS,

               Respondent,

and
THOMAS & BETTS POWER
SOLUTIONS, LLC,

               Interested Party.

---

## DECISION AND ORDER

---

By a July 20, 2010, Decision and Order, the Court granted the motion to compel the deposition of third-party Dan Sears ("Sears"), a former employee of Defendant JT Packard and Associates, Inc. ("JT") filed by the Plaintiff, Brian Teed ("Teed"), on behalf of himself and others similarly situated, and awarded to Teed the reasonable expenses incurred

in bringing the motion. *See* Fed. R. Civ. P. 37(a)(5). The motion to compel was occasioned by the actions of Thomas & Betts Power Solutions, LLC, ("Power Solutions") a wholly owned subsidiary of Thomas & Betts, Corp. Power Solutions is Sears's current employer. Thus, Teed's reasonable expenses incurred in bringing the motion to compel were awarded against Power Solutions.

In awarding attorney's fees, the Court generally begins by calculating the lodestar – the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983); *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). The Court may then adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999); *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997). In addressing the fee petition, the Court will explain its reasoning but bears in mind that less elaborate explanations are sufficient when substantial fees are not at stake. *See Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 857-58 (7th Cir. 2009).

Teed filed a petition and supplemental petition seeking a total award of $12,538.50 which includes attorneys' fees of $12,499.50 and costs of $39.00. Teed states that the hourly rates currently billed to clients are $295.00 for Attorney Larry A. Johnson ("Johnson"); $350.00 an hour for Attorney Nola J. Hitchcock Cross ("Cross") and $225.00 for

2

Attorney Noah Reinstein ("Reinstein"). All clients of Cross Law Firm, S.C. are billed at a rate of $95.00 per hour of paralegal time. Teed has also proffered the affidavits of Jeffery S. Hynes ("Hynes") and William E. Parsons ("Parsons") in support of the reasonableness of their hourly rates.

Power Solutions does not contest the reasonableness of the hourly rates charged by counsel. Indeed, counsel have adequately established the reasonableness of their hourly fees. *See Spegon v. Catholic Bishops of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999). However, Power Solutions asserts that excessive time was devoted to the motion to compel, time is claimed for work that was not done on the motion to compel, multiple attorneys did work that may have been duplicative, and attorney time was billed for clerical tasks. These objections will be addressed seriatim.

Powers Solutions contends that time entries for work done on the motion to quash that was filed in the Western District of Wisconsin where the underlying action is pending is not compensable under the fee award. The Court agrees. The fees were awarded for work reasonably incurred in bringing the motion to compel. *See also*, Fed. R. Civ. P. 37(a)(5). Thus, time spent responding to the motion to quash on April 7, April 13, and April 20 (2 hours at $295 per hour; .2 hours at $225 per hour; and .2 hours at $350 per hour) is disallowed. Entries for April 21, 22 and 23 for time spent by Cross solely on the motion to quash are also disallowed (.9 hours at $350 per hour).

3

Time entries for Johnson and Reinstein on April 21, 22 and 27 reflect a series of tasks that were done with respect to the motion to quash and the motion to compel. The time entries are vague in that they do not breakdown the amount of time devoted to each task. Consequently, for those entries the Court will allocate half the time spent to the motion to compel and disallow the remaining half. *See Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000). As a result, 6.75 hours at the hourly rate of $295 on April 21, 22, 23 and 27, and 3.65 hours at the hourly rate of $225 on April 21 are disallowed.

Teed's reply brief in support of his fee petition establishes that the two attorneys did different work on April 21, 2009. The reply brief also adequately explains that clerical work was not done by counsel. The Court will not reduce the hours spent by counsel for either reason.

Additionally, because the issues presented by the motion to compel were unusual and well-briefed, the Court declines to further reduce the hours spent by counsel for Teed. The circumstances of the motion to compel brought by Teed are not comparable to those of *Catapult Communications Corp. v. Foster*, No. 06-C-6112, 2009 WL 2707040, at * 2 (N.D. Ill. Aug. 25, 2009), cited by Power Solutions. In that case, the argument was entirely factual and the work was not complex. *Id*.

The supplemental petition added $1,227.50 in fees for time spent by Johnson (.5 hours) and Reinstein (4.8 hours), reviewing Power Solutions response brief to the fee

4

petition and drafting the reply brief in support of the fee's petition and the supplemental statement of attorneys' fees. Such amounts are reasonable and are approved.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Teeds' petition for attorney's fees and costs is **GRANTED** in the total amount of $8,706.25 and **DENIED** in all other respects.

Dated at Milwaukee, Wisconsin this 28th day of September, 2010.

                                       **BY THE COURT**

                                       *s/ Rudolph T. Randa*
                                       **Hon. Rudolph T. Randa**
                                       **U.S. District Judge**